961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Odina Fana ALMANZAR, Defendant, Appellant.
 No. 91-2322.
 United States Court of Appeals,
First Circuit.
 May 20, 1992
 
 Joseph A. Bevilacqua, Jr. and William J. Murphy on brief for appellant.
 Lincoln C. Almond, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, on brief for appellee.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Defendant's actions, as observed by Detective Lennon, gave rise to a reasonable suspicion that defendant was engaged in drug trafficking. Consequently, Detective Lennon was justified in stopping defendant and briefly questioning him.
 
 
 2
 We agree with the district court that the stop was a Terry investigative stop. The fact that, in the brief interlude between the stop and the alleged consent to search, Officer Lennon did not return to defendant what turned out to have been keys seized from defendant's closed fist does not constitute a de facto arrest requiring Miranda warnings. The situation was less coercive than that facing the defendant in United States v. Quinn, 815 F.2d 153 (1st Cir. 1987), where this court concluded defendant was not in custody and that, hence, Miranda warnings were not required.
 
 
 3
 Whether defendant understood Officer Lennon's request to search defendant's apartment presented a classic credibility issue, and we see no basis to disturb the district court's resolution.
 
 
 4
 On the record before it, the district court was justified in concluding that defendant understood the request to search, that defendant consented to the request, and that the surrounding circumstances were not coercive. We do not find United States v. Gallego-Zapata, 630 F.Supp. 665 (D. Mass. 1986), persuasive or controlling on the facts as permissibly found by the district court. Moreover, unlike the situation in Gallego-Zapata, where defendant was unlawfully detained at the time he assented to the search request, the consent in the present case was given during the course of a lawful Terry stop.
 
 
 5
 Affirmed.